ABELMANN ROLLINS LLLC

W. RICHARD ABELMANN 9158
CHRISTOPHER T. ROLLINS 9795
1330 Ala Moana Blvd. Ste. 301
Honolulu, Hawaii 96814
Tel 808.589.1010  Fax 888.797.7471
rick@abelmannlaw.com | chris@abelmannlaw.com

Attorney for Debtor WILLIAM ROY PATINIO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | CASE NO. 10-03146 |
|---|---|---|
|  | ) | (Chapter 13) |
| WILLIAM ROY PATINIO, | ) |  |
|  | ) | MOTION FOR CONTEMPT FOR |
|  | ) | FAILURE TO COMPLY WITH |
|  | ) | DISCHARGE INJUNCTION |
|  | ) |  |
|  | ) | Date:   January 7, 2014 |
| Debtor. | ) | Time:   9:30 a.m. |
| _____ | ) | Judge:  Hon. ROBERT J. FARIS |

MOTION FOR CONTEMPT FOR
FAILURE TO COMPLY WITH DISCHARGE INJUNCTION

COMES NOW Debtor WILLIAM ROY PATINIO ("Debtor"), by and through his attorneys, Abelmann Rollins LLLC, and files his MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH DISCHARGE INJUNCTION.

Debtor respectfully represents as follows:

1. Movant is the Debtor in the above-captioned Chapter 13 case. This matter is a core matter.

2. Wells Fargo Bank, N.A. ("Wells Fargo"), upon information and belief, is a national banking association incorporated in the State of California, whose principle office is located at 101 N. Phillips Avenue, Sioux Falls, SD 57104, and whose registered agent is Corporation Service Company dba CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

3. Upon information and belief, Wells Fargo is one of the nation's largest financial institutions boasting over 70 million customers and rankings among the top 10 U.S. companies in profits and among the top 15 in market value.

4. Prior to October 14, 2010, Debtor owed a debt to Wells Fargo related to a note and mortgage secured by his home in the amount of approximately $451,997.64.

5. In Schedule D accompanying Debtor's petition, Debtor listed a secured claim in favor of Wells Fargo in the amount of $423,898.00.

6. Wells Fargo was included on the Debtor's creditor matrix, and the Bankruptcy Noticing Center ("BNC") provided by first class mail a copy of the Notice of Bankruptcy Case, Meeting of Creditors, and Deadlines and the Chapter 13 Plan on October 17, 2010.

7. On December 2, 2010, Wells Fargo, by and through its attorney, Casper Rankin of Pite Duncan, LLP, caused a proof of claim to be filed as Claim 5 in Debtor's case ("POC").

8. On January 4, 2011, Wells Fargo, by and through its attorney, Casper Rankin of Pite Duncan, LLP, caused a proof of claim to be filed as Claim 5 in Debtor's case ("APOC").

9. The APOC lists as part of the outstanding balance, among other line items, Property Preservation fees in the amount of $30.00, Property Inspection fees in the amount of $60.00, Foreclosure Fees & Costs in the amount of $4,478.52, Escrow Shortage in the amount of $196.62, and Post-Petition Bankruptcy Attorneys' Fees and Costs in the amount of $300.00.

10. On or about September 12, 2011, Debtors were provided a loan modification agreement by Wells Fargo.

11. On January 17, 2012, Wells Fargo, by and through its attorneys Pite Duncan, LLP, entered into a stipulated order with Debtor approving the loan modification. This stipulated order provided in part that any "payments previously tendered by the Chapter 13 Trustee shall be credited to the subject loan balance as modified by the Loan Modification Agreement."

12. On July 6, 2012, Debtor filed a Motion to Modify Confirmed Plan and Notice of Hearing with this Court, and caused it to be served upon all creditors, including Wells Fargo.

13. On August 14, 2012, Wells Fargo, through its Loan Servicing Specialist Carolyn Bonner, caused a Notice of Postpetition Mortgage Fees, Expenses, and Charges to be filed in Debtor's case in which Wells Fargo indicated that attorney fees in the amount of $150.00 were assessed on February 16, 2012.

14. On September 11, 2012, this Court entered an Order Granting Motion to Modify Confirmed Plan, which effectively allowed Debtor to end his plan early by paying the balance off in a lump sum.

15. On September 25, 2012, the Chapter 13 Trustee caused a Notice of Final Cure Payment to be filed and served on Wells Fargo and its attorneys, requiring Wells Fargo to state "pursuant to Fed. Bankr. Rule 3002.1(g) whether it agrees that the debtor has paid in full the amount required to cure the default and whether, consistent with § 1322(b)(5), the debtor is otherwise current on all payments or be subject to further action of the court including possible sanctions."

16. On October 16, 2012, Wells Fargo, by and through its counsel, Pite Duncan, LLP, filed a Response to Notice of Final Cure Payment ("Response"), in which it checked boxes indicating that it agrees that Debtor has paid in full the amount

required to cure the default on its claim and that Debtor is current with respect to all payments consistent with § 1322(b)(5) of the Bankruptcy Code. The Response contains additional language providing for an attached schedule of outstanding post-petition claims that remain unpaid as of the date of the Cure Notice; however, no such schedule was attached to the Response.

17. On November 2, 2012, Wells Fargo caused a Notice of Mortgage Payment Change to be filed in Debtor's case. Nowhere in that notice was a $150.00 charge mentioned.

18. On December 21, 2012, this Court entered an order granting Debtor a discharge, which order was served upon Wells Fargo at its preferred mailing address as well as by electronic transmission by the BNC on December 23, 2012.

19. On or about April 8, 2013, Debtor reviewed his monthly billing statement from Wells Fargo and discovered a line item under "Activity since your last statement" with a charge for $150.00 dated March 19, 2013 as an "Advance" and "Advance balance adjustment".

20. On April 8, 2013, Debtor placed a call to Wells Fargo's customer service department to inquire about this charge, and was told that the charge related to photographs taken during a property inspection conducted in 2010. Debtor disputed the charge and informed the representative that he had both received a

bankruptcy discharge and had entered into a loan modification in 2011. The representative recommended Debtor dispute the charge in writing. Debtor's attorney agreed.

21. On May 6, 2013, Debtor faxed a letter disputing the charge to Wells Fargo, including the relevant statement, a cover letter explaining the dispute, and Wells Fargo's Response indicating no pre-petition or post-petition obligations outstanding.

22. On May 7, 2013, Debtor called Wells Fargo to follow up on his faxed letter, and was told to again dispute the charge if he did not hear anything back from Wells Fargo.

23. On August 6, 2013, Debtor again sent a letter with attachments disputing the charge.

24. On September 23, 2013, Debtor's counsel caused a letter to be sent to Wells Fargo by fax, warning Wells Fargo that seeking the $150.00 was an action in violation of the discharge injunction.

25. Debtor's monthly mortgage statements, through October 2013, continue to reflect the $150.00 charge.

26. On October 11, 2013, Debtor's counsel received a letter dated October 7, 2013 confirming receipt of the September 23 fax.

27. On or about October 11, 2013, Debtor's counsel contacted Wells Fargo by telephone to attempt to resolve the $150.00 billing issue. Wells Fargo was unable to explain the charge or clear it without a further dispute in writing.

28. On or about November 6, 2013, Debtor received a monthly billing statement which reflected two adjustments of $100.00 and $10.00 respectively, leaving an unpaid advance balance of $39.71.

29. As of the date of this Motion, Wells Fargo has failed to comply with the discharge injunction and continues to improperly assess pre-petition charges against Debtor.

30. Alternatively, Wells Fargo continues to assess a post-petition charge against Debtor that, by its own admission, does not exist.

31. Further, Wells Fargo has failed to provide any evidence that the $1,181.44 disbursed by the Chapter 13 Trustee in Debtor's bankruptcy case has been applied to Debtor's post-loan modification balance.

WHEREFORE, Debtor prays that this Court:

A. Order Wells Fargo to comply with this Court's Order on discharge by immediately removing the remaining $39.71 charge;

B. Find that Wells Fargo is in civil contempt of court for failing to comply with this Court's Order of discharge dated December 21, 2012;

C. Sanction Wells Fargo in the amount of $25.00 as a coercive sanction for each day of failed compliance with this Court's Order of discharge dated December 21, 2012;

D. Require Wells Fargo to account for all funds received from the Chapter 13 trustee in association with distributions from Debtors' estate ($1,181.44) pursuant to the stipulated order dated January 17, 2012;

E. Award Debtors damages, costs and attorneys' fees pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3002.1; and

F. Order such other relief as this Court determines is just and proper.

DATED: Honolulu, Hawaii, November 18, 2013.

ABELMANN ROLLINS LLLC

/s/ W. Richard Abelmann___
W. RICHARD ABELMANN 9158
Attorneys for Debtor WILLIAM
ROY PATINIO