*Filer's Name, Address, Phone, email:*
ABELMANN ROLLINS LLLC

W. RICHARD ABELMANN 9158
CHRISTOPHER T. ROLLINS 9795
1330 Ala Moana Blvd. Ste. 301
Honolulu, Hawaii 96814
Tel 808.589.1010  Fax 888.797.7471
Email:  rick@abelmannlaw.com/
chris@abelmannlaw.com

hib_5010m (12/12)



UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813

*Debtor(s):* **WILLIAM ROY PATINIO**    Chapter 13    Case No. **10-03146**

## MOTION TO REOPEN CASE

Moving Party:    WILLIAM ROY PATINIO

⦿ Debtor    ◯ Creditor/Party in Interest    ◯ U.S. Trustee    ◯ Trustee

The above-named party moves for an order reopening the case for the reason(s) stated below.

☐ To file a certification of completion of a course concerning personal financial management (debtor education) in order to obtain a discharge.  [*Reopening fee must be paid.*]

☐ To file a motion or complaint alleging a violation of the postpetition discharge injunction under 11 U.S.C. § 524(a).  [*No reopening fee is due.*]

☐ To seek relief under 11 U.S.C. § 362(k) concerning an alleged violation of the automatic stay during the pendency of the case.  [*Reopening fee must be paid.*]

☒ To file a motion or complaint seeking other relief (describe below).  [*Reopening fee must be paid.*]

To add an asset inadvertently left off of Schedule B.  Supported by attached Declaration of Debtor.

*Note:  Generally, the court denies requests to reopen a "no-asset, no-claim-bar" case to add a creditor in amended schedules.  See <u>In re Beezley</u>, 994 F.2d 1433 (9th Cir. 1993).*

Dated: May 1, 2014    Signature: /s/ W. Richard Abelmann

*Print name if original signature*    W. Richard Abelmann, Attorney for Debtor

ABELMANN ROLLINS LLLC

W. RICHARD ABELMANN 9158
CHRISTOPHER T. ROLLINS 9795
1330 Ala Moana Blvd. Ste. 301
Honolulu, Hawaii 96814
Tel. 808.589.1010   Fax. 888.797.7471
rick@abelmannlaw.com | chris@abelmannlaw.com

Attorneys for Plaintiff WILLIAM ROY PATINIO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | CASE NO. 10-03146 |
|---|---|---|
| | ) | (Chapter 13) |
| WILLIAM ROY PATINIO, | ) | |
| | ) | |
| Debtor. | ) | DECLARATION OF WILLIAM |
| _____ | ) | ROY PATINIO |

DECLARATION OF WILLIAM ROY PATINIO

After being duly sworn under oath, William Roy Patinio declares the following:

1. I make the following statements from personal knowledge and I am competent to do so.

2. I filed for protection under the laws of the bankruptcy court on October 14, 2010.

3. On or about May 9, 2011, after the date of my bankruptcy filing, I hired Attorneys Collin M. Fritz and Allen K. Williams ("Attorneys Fritz and Williams") to represent me in a lawsuit against Peter J. Agbayani and

Rolloffs Hawaii, Inc., a motor vehicle tort action, arising from injuries I received in an on-the-job collision, ("Rolloffs Lawsuit").

4. During my meetings with Attorney W. Richard Abelmann ("Attorney Abelmann") and/or his staff prior for my bankruptcy case filing, I did not disclose any information regarding said Rolloffs Lawsuit to Attorney Abelmann or his staff.

5. I thought that the cases were not related in any way and that I should just have a different attorney for each case.

6. On the day I filed by Bankruptcy Petition, Attorney Abelmann presented me with the final draft Petition, Statements, and Schedules and instructed me to review them for accuracy and completeness as to all assets, debts, monthly income, and monthly expenses. I did my credit counseling and did review, approve, and sign the final drafts before electronically filing my Petition, Statements, and Schedules. I thought I did a thorough job but I know now that I misunderstood and missed this item.

7. I did not think I was doing anything wrong by not telling my bankruptcy attorney or his staff about the Rolloffs Lawsuit because I believed that these cases were separate and unrelated, with one attorney for each confidential matter.

8. At that time, I also did not know if my Rolloffs Lawsuit would be worth anything at all.

9. Around March 20, 2014, I was speaking to Attorney Williams about the Rolloffs Lawsuit and we discussed for the first time my bankruptcy filing.

10. Attorney Williams suggested I contact Attorney Abelmann to ask about this matter, and that is when I understood that the Rolloffs Lawsuit needed to be disclosed in my bankruptcy filing.

11. If I get anything from the Rolloffs Lawsuit I don't mind paying my creditors. I hope that I would get some money from my Rolloffs Lawsuit in order to pay off my creditors so I would not have to file bankruptcy.

12. My employer, the City & County of Honolulu, is entitled to recover whatever benefits it has paid out as well as a credit against future payments if there is a recovery in the Rolloffs Lawsuit.

13. I make these statements in good faith and not for the purposes of delay.

**I HEREBY DECLARE THAT ALL STATEMENTS MADE HEREIN OF MY OWN KNOWLEDGE ARE TRUE, AND ALL STATEMENTS MADE ON INFORMATION AND BELIEF ARE BELIEVED TO BE TRUE, AND THESE STATEMENTS ARE MADE WITH THE KNOWLEDGE THAT**

**WILLFUL FALSE STATEMENTS AND THE LIKE SO MADE ARE PUNISHABLE BY FINE OR IMPRISONMENT.**

DATED: Honolulu, Hawaii, <u>April 30, 2014</u>.

                                      <u>/s/ William Roy Patinio</u>
                                      WILLIAM ROY PATINIO

-4-
U.S. Bankruptcy Court - Hawaii   #10-03146   Dkt # 60   Filed  05/01/14   Page 5 of 5