Date Signed:
May 28, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>WILLIAM ROY PATINIO,<br><br>Debtor. | Case No. 10-BK-03146<br>(Chapter 13)<br><br>JUDGE: Hon. Robert J. Faris |

### ORDER AUTHORIZING DEBTOR TO PURSUE STATE COURT CIVIL CLAIM FOR BENEFIT OF THE BANKRUPTCY ESTATE

Based upon the Stipulation by and between Debtor, Standing Trustee and the estate's Special Counsel (dkt. #70), and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. Debtor's confirmed plan, as modified on March 12, 2012 (dkt. #25) is reinstated for the purpose of allowing Trustee to make distributions to creditors who previously filed claims herein.

2. Debtor's reinstated plan is further modified to include Debtor's recently scheduled tort claim presently embodied in a legal action commonly known as *Patinio v. Agbayani, et al.*, Civ. No. 12-1-1967-07 (ECN), now pending in the Circuit Court of the First Circuit, State of Hawaii (hereinafter "Lawsuit") as

property of the estate and subject to commitment of any proceeds therefrom to the plan under Sections 2.04 and 8 therein.

3. Debtor has irrevocably waived any and all exemption claims, whether articulated under State or Federal law, as to the proceeds of the claim embodied in the Lawsuit, whether recovered by settlement, arbitration, trial or otherwise, and such waiver is a material consideration in the Court's decision to enter this Order.

4. Debtor, who remains in possession of the Lawsuit asset, is authorized to pursue that claim in his own name, for the benefit of the bankruptcy estate.

5. Debtor shall secure Bankruptcy Court approval for the employment of the law firm of Trecker & Fritz as Special Counsel to the bankruptcy estate, on a contingent fee basis, to represent Debtor in pursuit of the Lawsuit.

6. Any compromise of the Lawsuit shall be subject to Bankruptcy Court approval and the concurrence of the Standing Trustee.

7. All proceeds of the Lawsuit, whether by settlement, arbitration, trial or otherwise, shall be paid directly to Standing Trustee, and shall be held pending further Order of the Bankruptcy Court on payment of Special Counsel's compensation and expense reimbursement, as well as payment of any employer or medical insurer lien claims.

8. Promptly following transfer of Lawsuit funds to Standing Trustee as aforesaid, Special Counsel shall apply to the Bankruptcy Court for approval of

U.S. Bankruptcy Court - Hawaii   #10-03146   Dkt # 72   Filed  05/28/14   Page 2 of 3

compensation and expense reimbursement and for the payment of any employer or medical insurer lien claims. Standing Trustee shall thereafter pay to Special Counsel and any Lawsuit lien creditors as directed by this Bankruptcy Court.

9. From the proceeds of the Lawsuit, after the payment of Special Counsel and any allowed employer or medical insurer lien claims, Standing Trustee shall distribute estate funds to the estate's creditors, up to the unpaid balance of their allowed claims pursuant to 11 U.S.C. § 326 and Fed. R. Bankr. Pro. 3021 without further order of this court.

10. Nothing in this Order shall be deemed to restrict or limit Debtor's bankruptcy counsel's ability to seek additional compensation pursuant to 11 U.S.C. § 330(a)(4)(B).

11. After all creditors, including Debtor's counsel, Special Counsel, employer or medical insurer lien creditors have been paid in full, any residual surplus shall be distributed to Debtor.

12. Thereafter, this case shall be re-closed.

**END OF ORDER**

Submitted by: Attorneys for Standing Trustee HOWARD M.S. HU: BRADLEY R. TAMM (JD 7841), Shults & Tamm, ALC, P.O. Box 3047, Honolulu HI 96802, Tel: (808) 206-1120, e-mail: btamm@shults-tamm.com